**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA BROWN AND TIFFANY NIXON,** | : : : | |
| | : | **CIVIL ACTION** |
| **V.** | : : : | **NO:** |
| **AMERICAN AIRLINES GROUP, INC.** | : : : : | |

**NOTICE OF REMOVAL OF DEFENDANT,**
**AMERICAN AIRLINES, INC.**
**(incorrectly designated as "American Airlines Group, Inc.")**

Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc.") (hereinafter "Removing Defendant"), by and through its attorneys, Morgan & Akins, PLLC, via this Notice of Removal (hereinafter "Notice") hereby removes the above-captioned action from the Court of Common Pleas of Philadelphia County, Case ID: 230203330, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1441 and in support thereof states as follows:

1.     Plaintiffs, Amanda Brown and Tiffany Nixon (hereinafter "Plaintiffs") commenced the above-referenced action by the filing of a Writ of Summons on or about March 30, 2023.  (A true and correct copy of Plaintiffs' Writ of Summons is attached hereto as Exhibit "A.")

2.     Removing Defendant filed a Praecipe for Rule to File Complaint on or about May 12, 2023.  (A true and correct copy of Removing Defendant's Praecipe is attached hereto as Exhibit "B.")

3.      Plaintiffs filed a Complaint on or about May 16, 2023. (A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "C.")

4.      In their Complaint, Plaintiffs allege that, on March 30, 2021, after they had boarded Removing Defendant's Flight 5089 from New Orleans, LA to Philadelphia, PA, Plaintiffs were removed from the aircraft after failing to follow flight attendants' instructions regarding placement of luggage on the floor.  Ex. "C," ¶¶ 7, 12, 13, 17.

5.      In their Complaint, Plaintiffs advance seven (7) counts against Removing Defendant: Breach of Contract; Breach of Implied Warranty of Fitness; False Imprisonment; Invasion of Privacy; Assault; Intentional Infliction of Emotional Distress; and Negligent Infliction of Emotional Distress.  Ex. "C," ¶¶ 37-80.

6.      In the Complaint, Plaintiffs name only Removing Defendant as a Defendant.

## Notice Timely Filed

7.      This Notice is timely because it is filed within thirty (30) days of Removing Defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained" that the action is removable. 28 U.S.C §1446(b).

8.      Furthermore, this Notice is timely because it is filed within one (1) year of the inception of the matter.  28 U.S.C §1446(c)(1).

9.      As set forth more fully below, pursuant to 28 U.S.C §1446(b), the parties' deadline for removal, based upon the filing of the Complaint, as well as Plaintiffs' provision of a demand confirming the amount in controversy, is June 16, 2023.

## Diversity of Citizenship

10.      As set forth more fully below, complete diversity of citizenship exists between Plaintiffs (Pennsylvania) and Removing Defendant (Delaware and Texas).

11.     "A natural person is deemed to be a citizen of the state where he is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).  Likewise, a "corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); *see* 28 U.S.C. § 1332(c)(1).

12.     At the time Plaintiffs' Complaint was filed, as well as the time this Notice is being filed, Plaintiffs are citizens of Pennsylvania, as their respective domiciles are in Philadelphia, Pennsylvania and Perkiomenville, Pennsylvania.  Ex. "C," ¶¶ 1, 2.

13.     At the time Plaintiff's Complaint was filed, as well as the time this Notice is being filed, Removing Defendant was and is incorporated in Delaware with its principal place of business in Texas.  Ex. "C," ¶ 3; Ex. "D."  (A true and correct copy of American's business details is attached hereto as Exhibit "D.")

14.     Given the foregoing, complete diversity exists amongst the parties in this matter. *See* 28 U.S.C. § 1332.

15.     As Removing Defendant is the only named Defendant, consent from any other party is not needed in order to remove.  *See* 28 U.S.C. § 1446 (b)(2)(A)

## **Amount in Controversy**

16.     The amount in controversy in the instant matter exceeds Seventy-Five Thousand dollars ($75,000.00), exclusive of interest and costs.

17.     On May 16, 2023, along with courtesy copy service of the Complaint, Plaintiffs' counsel provided Removing Defendant's counsel with a demand letter.  (A true and correct copy of Plaintiffs' counsel's demand letter is attached hereto as Exhibit "E.")

18.     In this letter, Plaintiffs seek $150,000.00 each in this matter.  *See* Ex. "E," pg. 2.

19.     Accordingly, since Plaintiffs are seeking $300,000.00 in total for full and final settlement of the matter, the amount in controversy meets the requirement of 28 U.S.C. §1332(a).

## Conclusion

20.     As Plaintiffs and Removing Defendant are citizens of different states, and as the amount in controversy in this case is in excess of $75,000, this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§1332, 1441.

21.     This action may be removed to this Court by the Removing Defendant pursuant to 28 U.S.C. §1441(a), in that this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania.

22.     Resultantly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

23.     Removing Defendant has given written notice of the filing of this Notice pursuant to 28 U.S.C. §1446(d), by filing this Notice with the Court of Common Pleas of Philadelphia County and by giving written notice to counsel for Plaintiffs.

24.     All pleadings, process, orders and other filings in the State Court action are attached to this Notice as required by 28 U.S.C. §1441(a).  See Exs. "A," "B," "C,"

**WHEREFORE**, Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc."), by and through its attorneys, Morgan & Akins, PLLC, via this Notice of Removal, hereby removes the above-captioned action, from the Court of Common Pleas of Philadelphia County, Case ID: 230203330, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1441.

Respectfully submitted,

**MORGAN & AKINS, PLLC**

**BY:**  _____
NATHAN R. BOHLANDER, ESQUIRE
Pennsylvania Attorney ID: 312509
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
Phone: 215.305.8223
Email: nbohlander@morganakins.com
*Counsel for Defendant, American Airlines,*
*Inc. (incorrectly designated as "American*
*Airlines Group, Inc.")*

Date:  May 25, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA BROWN AND TIFFANY NIXON,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| | : | |
| **V.** | : | |
| | : | **NO:** |
| | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | |
| | : | |
| | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 25, 2023, a copy of the foregoing Notice of Removal was provided electronically, as well as mailed first-class, postage prepaid, to all counsel of record at the following addresses:

Aaron Mixon, Esquire
Mixon Law Group, LLC
Land Title Building
100 South Broad Street
Suite 1518
Philadelphia, PA 19110
*Counsel for Plaintiffs, Amanda Brown and Tiffany Nixon*

**MORGAN & AKINS, PLLC**

BY: _____

NATHAN R. BOHLANDER, ESQUIRE
Pennsylvania Attorney ID: 312509
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
Phone: 215.305.8223
Email: nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc.")*

EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2023**

**003330**

E-Filing Number: 2303068592

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| AMANDA BROWN | AMERICAN AIRLINES GROUP, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6912 CEDAR PARK AVE PHILADELPHIA PA 19138 | 4333 AMON CARTER BOULEVARD FORT WORTH TX 76155 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TIFFANY NIXON | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1232 PIN OAK DRIVE PERKIOMENVILLE PA 18074 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal  ☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less  ☒ More than $50,000.00 | ☐ Arbitration  ☒ Jury  ☐ Non-Jury  ☐ Other: | ☐ Mass Tort  ☐ Savings Action  ☐ Petition | ☐ Commerce  ☐ Minor Court Appeal  ☐ Statutory Appeals | ☐ Settlement  ☐ Minors  ☐ W/D/Survival |

CASE TYPE AND CODE

1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**

MAR **30** 2023

**G. IMPERATO**

IS CASE SUBJECT TO COORDINATION ORDER?

YES          NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: AMANDA BROWN , TIFFANY NIXON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| AARON A. MIXON | 100 SOUTH BROAD STREET SUITE 1518 PHILADELPHIA PA 19110 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)972-1777 | (215)972-1755 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 94238 | mcalawfirm@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| AARON MIXON | Thursday, March 30, 2023, 08:52 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**Mixon Law Group LLC**
By: Aaron A. Mixon, Esquire
Identification No.: 94238
100 South Broad St., Suite 1518
Philadelphia, Pennsylvania  19110
Office No: (215) 972-1777
Office Fax: (215) 972-1755
Attorney for Plaintiffs Amanda Brown & Tiffany Nixon



*Filed and Attested by the
Office of Judicial Records
30 MAR 2023 08:52 am
G.  IMPERATO*

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA
## THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BROWN, and | : | |
| TIFFANY NIXON, | : | **CIVIL DIVISION** |
| Plaintiffs, | : | |
| | : | **MARCH TERM, 2023** |
| v. | : | |
| | : | Docket No. _____ |
| AMERICAN AIRLINES GROUP, INC., | : | |
| Defendant. | : | |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a writ of summons in the above-captioned civil action.

**Dated:** <u>March 30, 2023</u>

Respectfully submitted,

_____
Aaron A. Mixon, Esquire
PA Bar No. 94238
Mixon Law Group LLC
100 South Broad Street, Suite 1518
Philadelphia, PA 19110-1006
Phone: (215) 972-1777
Facsimile: (215) 972-1755
Email: mcalawfirm@gmail.com
Attorney for Plaintiffs

Case ID: 230303330

**Mixon Law Group LLC**
By: Aaron A. Mixon, Esquire
Identification No.: 94238
100 South Broad St., Suite 1518
Philadelphia, Pennsylvania 19110
Office No: (215) 972-1777
Office Fax: (215) 972-1755
Attorney for Plaintiffs Amanda Brown & Tiffany Nixon

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA
## THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMANDA BROWN, and** | : | |
| **TIFFANY NIXON,** | : | **CIVIL DIVISION** |
| **Plaintiffs,** | : | |
| | : | **MARCH TERM, 2023** |
| **v.** | : | |
| | : | Docket No. _____ |
| **AMERICAN AIRLINES GROUP, INC.,** | : | |
| **Defendant.** | : | |

## CERTIFICATION OF COMPLIANCE WITH
## CASE RECORDS PUBLIC ACCESS POLICY

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than nonconfidential information and documents.

**Dated:** March 30, 2023

Respectfully submitted,

Aaron A. Mixon, Esquire
PA Bar No. 94238
Attorney for Plaintiffs

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

**AMANDA BROWN** and **TIFFANY NIXON**
*Plaintiffs*

vs.

**AMERICAN AIRLINES GROUP, INC.**
*Defendant*

:
:
:
:
:
:
:
:

**COURT OF COMMON PLEAS**

**MARCH Term, 2023**

Docket No. _____

**TO:**

American Airlines Group, Inc.
4333 Amon Carter Boulevard
Fort Worth, TX 76155

# Writ of Summons

You are notified that the Plaintiffs, **AMANDA BROWN**, 6912 Cedar Park Avenue,

Philadelphia, PA 19138 and **TIFFANY NIXON**, 1232 Pin Oak Drive, Perkiomenville, PA

18074 have commenced an action again you.

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____



230303330
30 MAR 2023 08:52 am
G. IMPERATO

Case ID: 230303330

# Court of Common Pleas

March Term, 2023

No. _____

**AMANDA BROWN and TIFFANY NIXON**
*Plaintiff*

*vs.*

**AMERICAN AIRLINES GROUP, INC.**
*Defendant*

# SUMMONS

Case ID: 230303330

**Mixon Law Group LLC**
By: Aaron A. Mixon, Esquire
Identification No.: 94238
100 South Broad St., Suite 1518
Philadelphia, Pennsylvania 19110
Office No: (215) 972-1777
Office Fax: (215) 972-1755
Attorney for Plaintiffs Amanda Brown & Tiffany Nixon

## Commonwealth of Pennsylvania
### COUNTY OF PHILADELPHIA

| | | |
|---|---|---|
| **AMANDA BROWN** and **TIFFANY NIXON** | : | **COURT OF COMMON PLEAS** |
| *Plaintiffs* | : | |
| | : | |
| *vs.* | : | **MARCH Term, 2023** |
| | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | **Docket No.** _____ |
| *Defendant* | : | |

TO:

> **American Airlines Group, Inc.**
> **4333 Amon Carter Boulevard**
> **Fort Worth, TX 76155**

# Writ of Summons

You are notified that the Plaintiffs, **AMANDA BROWN**, 6912 Cedar Park Avenue,

Philadelphia, PA 19138 and **TIFFANY NIXON**, 1232 Pin Oak Drive, Perkiomenville, PA

18074 have commenced an action again you.

ERIC FEDER
*Director, Office of Judicial Records*


By: _____

Date: _____

# Court of Common Pleas

March Term, 2023

No. _____

**AMANDA BROWN and TIFFANY NIXON**
*Plaintiff*

*vs.*

**AMERICAN AIRLINES GROUP, INC.**
*Defendant*

# SUMMONS

Case ID: 230303330

EXHIBIT "B"

NATHAN R. BOHLANDER, ESQUIRE
Attorney I.D. No. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA  19102
(215) 543-3681
nbohlander@morganakins.com
*Attorneys for Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc.")*

| | |
|---|---|
| **AMANDA BROWN AND TIFFANY NIXON,**<br><br>                    **Plaintiffs,**<br><br>        **vs.**<br><br>**AMERICAN AIRLINES GROUP, INC.**<br><br>                    **Defendant.** | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**CASE ID: 230303330** |

**PRAECIPE FOR RULE TO FILE COMPLAINT**

**TO THE PROTHONOTARY:**

Please enter a Rule upon Plaintiffs to file a Complaint within twenty (20) days hereof or

suffer the entry of a Judgment of Non Pros.

**MORGAN & AKINS, PLLC**

BY:    _____
NATHAN R. BOHLANDER, ESQUIRE
*Attorneys for Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc.")*

*Filed and Attested by the Office of Judicial Records 12 MAY 2023 11:07 am I. LOWELL*

NATHAN R. BOHLANDER, ESQUIRE
Attorney I.D. No. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA  19102
(215) 543-3681
nbohlander@morganakins.com
*Attorneys for Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc.")*

| | |
|---|---|
| **AMANDA BROWN AND TIFFANY NIXON,** | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY** |
|        **Plaintiffs,** | **CASE ID: 230303330** |
|   vs. | |
| **AMERICAN AIRLINES GROUP, INC.** | |
|        **Defendant.** | |

## <u>RULE TO FILE COMPLAINT</u>

AND NOW, this _____ day of _____, 2023, a Rule is hereby granted upon

Plaintiffs to file a Complaint herein within twenty (20) days after service hereof or suffer the entry

of a Judgment of Non Pros.

_____
PROTHONOTARY



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2023, I electronically filed the foregoing Praecipe for Rule to File Complaint with the Prothonotary using The Philadelphia Courts Electronic Filing System, which will automatically send notification of such filing to all counsel of record registered with the Philadelphia Courts Electronic Filing System, including the following:

Aaron A. Mixon, Esquire
Mixon Charles-Asar & Associates, LLP
100 South Broad Street
Suite 1518
Philadelphia, PA 19110
*Counsel for Plaintiffs, Amanda Brown and Tiffany Nixon*

**MORGAN & AKINS, PLLC**

**BY:** _____
NATHAN R. BOHLANDER, ESQUIRE
*Attorneys for Defendant, American Airlines,
Inc. (incorrectly designated as "American
Airlines Group, Inc.")*

EXHIBIT "C"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| | | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal |
| | | ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Minor Court Appeal | ☐ Settlement |
| ☐ More than $50,000.00 | ☐ Jury | ☐ Savings Action | ☐ Statutory Appeals | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Commerce (Completion of | ☐ W/D/Survival |
| | ☐ Other: | | Addendum Required) | |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes   No |
| | ☐   ☐ |
| | ☐   ☐ |
| | ☐   ☐ |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| PHONE NUMBER / FAX NUMBER | |
| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| SIGNATURE  *Aaron A. Mixon* | DATE |

01-101 (Rev. 6/08)

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

| | | |
|---|---|---|
| AMANDA BROWN and | : | |
| TIFFANY NIXON, | : | |
| Plaintiffs, | : | Term: March 2023 |
| | : | |
| v. | : | CASE ID:  230303330 |
| | : | |
| AMERICAN AIRLINES GROUP, INC. | : | CIVIL ACTION |
| Defendant. | : | |

## TO: AMERICAN AIRLINES GROUP, INC.:

# NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**1101 Market St., 11th Floor**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

*Asociacion De Licenciados De Filandelfia*
**Servicio De Referencia E Informacion Legal**
**1101 Market Street, 11th Piso**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**

**Mixon Law Group LLC**
By: Aaron A. Mixon, Esquire
Identification No.: 94238
100 South Broad St., Suite 1518
Philadelphia, Pennsylvania  19110
Office No: (215) 972-1777
Office Fax: (215) 972-1755
Attorney for Plaintiffs

### COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **AMANDA BROWN** | : | |
| **6912 CEDAR PARK AVE** | : | |
| **PHILADELPHIA PA 19138, and** | : | |
| | : | **CIVIL TRIAL DIVISION** |
| **TIFFANY NIXON** | : | |
| **6912 CEDAR PARK AVE** | : | **MARCH Term, 2023** |
| **PHILADELPHIA PA 19138,** | : | |
| **Plaintiffs,** | : | **CASE ID: 230303330** |
| | : | |
| **v.** | : | |
| | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | |
| **4333 AMON CARTER BLVD** | : | |
| **FORT WORTH, TX 76155,** | : | |
| **Defendant.** | : | |

### COMPLAINT

**NOW COME** the Plaintiffs, **Amanda Brown** and **Tiffany Nixon**, the Plaintiffs in

the above-captioned matter, by and through their attorney, **Aaron A. Mixon, Esquire**, who

files this Complaint against the Defendant, **American Airlines Group, Inc.** (hereinafter

known as "American Airlines"), and in support thereof would show unto the Court the

following matters and facts:

## PARTIES

1. Plaintiff **Amanda Brown** is an adult individual residing at 6912 Cedar Park Avenue, County of Philadelphia, City of Philadelphia, Pennsylvania 19138.

2. Plaintiff **Tiffany Nixon** is an adult individual residing at 1232 Pin Oak Drive, County of Montgomery, City of Perkiomenville, Pennsylvania 18074.

3. Defendant **American Airlines Group, Inc.** (a/k/a **American Airlines, Inc.**) is a for-profit domestic corporation incorporated in the State of Delaware at 1209 Orange Street, County of New Castle, City of Wilmington, Delaware 19801. Defendant's headquarters are located at 4333 Amon Carter Boulevard, County of Tarrant, City of Fort Worth, Texas 76155.

4. Upon information and belief, at all times relevant to this action, American Airlines Group, Inc. operated as an airline providing domestic and international flights to the public subject to the regulations of the United States of America and the Federal Aviation Administration.

## JURISDICTION

5. This Court has original jurisdiction over this action matter pursuant to 42 Pa. C.S.A. § 931(a).

## VENUE

6. Venue lies with this Court pursuant to 42 Pa. C.S.A. § 931(c) and Pa. R.C.P. 2179(2).

## FACTUAL CASE SUMMARY

7. On the evening of March 30, 2021, Plaintiffs, Amanda Brown and Tiffany Nixon, boarded American Airlines flight 5089 for which they had previously purchased tickets,

which was scheduled to travel from New Orleans, LA to Philadelphia, PA via a stopover
in Charlotte, NC.

8.  Plaintiffs had traveled with two other friends for a brief vacation in New Orleans. The
    third friend traveled with Plaintiffs aboard flight 5089 while the fourth friend returned to
    Philadelphia separately.

9.  The third friend did not sit with Plaintiffs on the flight, but she did observe Plaintiffs and
    the events that unfolded.

10. In anticipation of the flight to Charlotte, NC, Plaintiffs sat in their seats and fastened their
    seatbelts.

11. Ms. Brown had only flown a couple of times in her life and was unfamiliar with all of the
    procedures. Nevertheless, she followed all instructions fully, courteously, and without
    question or hesitation.

12. While other passengers were still boarding the aircraft, a female flight attendant
    traversing the aisles stopped in front of Plaintiffs who were seated adjacently and
    coarsely told Ms. Brown that she needed to place the small, soft purse sitting on her lap
    onto the floor.

13. Ms. Brown attempted to immediately comply but had some difficulty accomplishing this
    task quickly as the strap to the purse had become entangled in her seatbelt. Ms. Brown
    struggled to free her purse from her seatbelt.

14. The flight attendant mistakenly believed Ms. Nixon had said something, although Ms.
    Nixon had said nothing, and the flight attendant asked Ms. Nixon to repeat what she had
    said.

15. When Ms. Nixon informed the flight attendant that she had not spoken, the flight attendant walked away and immediately consulted with another female flight attendant.

16. A short time later, the second flight attendant approached the two women and told the silent Ms. Nixon to "be nice," which was entirely misplaced given the events that had just occurred.

17. This statement to Ms. Nixon by the second flight attendant was quickly followed by the appearance of a large, Caucasian male who approached the two women and demanded that they follow him off of the plane.

18. Despite being completely bewildered and confused, the two women immediately complied.

19. Plaintiffs requested the names of the flight attendants and the pilot, but this information was deliberately and repeatedly withheld from them.

20. Upon disembarking the aircraft, both Plaintiffs repeatedly asked various American Airlines employees why they had been removed from the flight. No employee was either able or willing to provide any explanation.

21. Both Plaintiffs had done absolutely nothing wrong, had followed all flight crew directives, remained quiet and respectful, wore double facial masks throughout their brief time on the aircraft, and were never disruptive or loud.

22. The third friend who was on the aircraft witnessed the entire sequence of events and took cellphone video of much of the activity with Plaintiffs, video which supports their view of the actions while they were on the aircraft.

23. Upon deplaning, Ms. Brown noted that in the portion of the jet bridge closest to the aircraft, there was a large group of American Airlines employees consisting of the two

flight attendants who had interacted with them and eight pilots (Ms. Brown recognized the airlines' signature pilot's uniform) doing nothing but standing and watching the two women being escorted back to the terminal.

24. Once back in the terminal, the aircraft left for Charlotte without the two Plaintiffs.

25. Per the third friend who remained on the flight, the pilot and flight attendant both announced to the passengers that everything was "fine" and there was "nothing to worry about." They both denied that there had been any "incident" on the plane despite departing late as a result of the "incident" involving the two Plaintiffs.

26. Meanwhile, Ms. Brown and Ms. Nixon sought an explanation concerning their treatment by American Airlines. After speaking with the gate attendant, the only information they could garner was that there had been an "incident on the plane."

27. After speaking with an American Airlines supervisor, Plaintiffs were provided with no explanation for their removal from the aircraft.

28. The supervisor informed Plaintiffs that there were no more flights to Philadelphia for the rest of March 30, 2021, and Plaintiffs would be booked on the first flight out of New Orleans, MO in the morning. The first flight would take Plaintiffs over 500 miles to the west of their ultimate destination, Philadelphia, before needing to change planes to a flight that would travel over 1,400 miles to the east back to Philadelphia. Plaintiffs would fly nearly 2,000 miles to reach their final destination with these new arrangements while their original flight arrangements would have taken them a total of 1,200 miles to reach their home airport of Philadelphia.

29. Additionally, American Airlines and the supervisor would not assist Plaintiffs in locating or obtaining overnight accommodations.

30. Neither woman had transportation. Consequently, they had to look for the nearest motel available, which they could get to by walking.

31. The only motel they could locate within a reasonable distance was an extremely dirty, filthy, dilapidated, cash-only, poorly maintained motel. Yet the two women were given no choice but to stay there overnight.

32. Both Plaintiffs were shocked, very fearful, uncomfortable, distressed, and traumatized by the experience of this motel.

33. Plaintiff Brown had attended therapy following the motel stay as she remained fearful with poor sleep, nightmares, and other symptoms consistent with Post Traumatic Stress Disorder (i.e., PTSD).

34. To date, the only explanation provided to Plaintiffs regarding the reason American Airlines put them through such a traumatic experience is a brief statement that both women refused to wear their facemasks on the aircraft.

35. This explanation is patently false as the cellphone video and the testimony of witnesses confirm that both Plaintiffs wore facemasks throughout their entire time on the aircraft.

36. Given the lack of any plausible explanation for American Airlines' employees' behavior, the fact that Mses. Brown and Nixon are African-American while all other individuals who interacted with Plaintiffs during this incident were Caucasian, the likelihood of American Airlines' employees engaging in racial profiling and racial animus, which violates state and federal anti-discrimination law, is extremely likely.

## COUNT I – BREACH OF CONTRACT

37. Plaintiff incorporates by reference all of the preceding paragraphs 1 through 36 of this Complaint as if each and every one was individually set forth within this Count.

38. Under Pennsylvania law, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).

39. The essential terms of the contract between Plaintiffs and Defendant are found on Defendant's official website. (*See* Conditions of Carriage "The contract between you, the passenger, and us, American Airlines" at https://www.aa.com/i18n/customer-service/ support/conditions-of-carriage.jsp).

40. Defendant violated the terms of the contract while Plaintiffs did not.

41. Significant monetary and emotional damages to Plaintiffs were the direct and proximate result of the breach of Defendant.

42. On or about February 1, 2022, a demand letter describing the violations of Defendant and demanding appropriate compensation was sent to Defendant's corporate offices outlining the actions and behaviors of Defendant that violated Defendant's contract with Plaintiffs.

43. As a result and by reason of the actions of Defendant, Plaintiffs have been harmed and damaged but have not been compensated by Defendant.

## COUNT II – BREACH OF IMPLIED WARRANTY OF FITNESS

44. Plaintiff incorporates by reference all of the preceding paragraphs 1 through 43 of this Complaint as if each and every one was individually set forth within this Count.

45. The Pennsylvania Supreme Court has held that an implied warranty of fitness for a particular purpose is breached when a seller (i.e., Defendant): (1) on whose skill and judgment a buyer (i.e., Plaintiffs) relies, and (2) who has reason to know, at the time of contracting, (3) of a particular purpose for which the goods are required, (4) fails to provide goods that perform to the specific use contemplated by the buyer. *Gall v. Allegheny County Health Department*, 555 A.2d 786 (1989). Specifically, "[a] 'particular purpose' differs from an ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to his business." UCC §2-315 (1984).

46. Defendant knew or reasonably should have known that Plaintiffs were relying on the skill and judgment of Defendant to achieve Plaintiffs' purpose in using Defendant's goods and services.

47. Defendant knew or reasonably should have known of the particular purpose of Plaintiffs' use of Defendant's goods and services (i.e., to return home on a previously scheduled date and time).

48. Defendant breached its duty to provide goods and services required by Plaintiffs to permit Plaintiffs to achieve their goals and purposes in using Defendant's goods and services.

49. As a result and by reason of the actions of Defendant, Plaintiffs have been harmed and damaged but have not been compensated by Defendant.

## COUNT III – FALSE IMPRISONMENT

50. Plaintiff incorporates by reference all of the preceding paragraphs 1 through 49 of this Complaint as if each and every one was individually set forth within this Count.

51. "[L]iability for false imprisonment attaches where: (a) one acts intending to confine another within boundaries fixed by the actor, (b) his act results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it." *Kintzel v. Kleeman*, 965 F. Supp. 2d 601, 608 (M.D. Pa. 2013).

52. The actions of Defendant did, in fact, confine Plaintiffs to a state, airport, and local city within which they had no desire, intention, or reason to remain.

53. Defendant was aware or reasonably should have been aware that its actions were causing undesired and harmful confinement to Plaintiffs.

54. Plaintiffs were, in fact, harmed and damaged by the confinement imposed by Defendant.

55. As a result and by reason of the actions of Defendant, Plaintiffs have been harmed and damaged but have not been compensated by Defendant.

## COUNT IV - INVASION OF PRIVACY – FALSE LIGHT

56. Plaintiff incorporates by reference all of the preceding paragraphs 1 through 55 of this Complaint as if each and every one was individually set forth within this Count.

57. "The tort of placing plaintiff[s] in a false light consists of publication of facts about plaintiff[s] by defendant which places plaintiff[s] in a false light [and] the false light is objectionable to reasonable people." *Lawson v. Pennsylvania SPCA*, 124 F. Supp. 3d 394, 410 (E.D. Pa. 2015).

58. Defendant falsely and deliberately made derogatory claims that Plaintiffs were removed from the aircraft for failure to wear face masks as required per COVID safety protocols.

59. Objective evidence (e.g., video, photographs, and testimony from another passenger on the aircraft) clearly refutes this claim.

60. This derogatory information was published among the population of the aircraft *after* Plaintiffs were removed from the aircraft.

61. Defendant's actions placed Plaintiffs in a false light, a light which is clearly objectionable to any reasonable person.

62. As a result and by reason of the actions of Defendant, Plaintiffs have been harmed and damaged but have not been compensated by Defendant.

## COUNT V – ASSAULT

63. Plaintiff incorporates by reference all of the preceding paragraphs 1 through 62 of this Complaint as if each and every one was individually set forth within this Count.

64. "[A] person is guilty of assault if he: attempts by physical menace to put another in fear of imminent serious bodily injury." 27 Pa. C.S. § 2701(a)(3).

65. Plaintiffs were deliberately placed in fear of imminent serious bodily harm by the sheer number and size of Defendant's employees present to request Plaintiffs disembark from the aircraft. (*See e.g.,* ¶¶ 17 & 23, *supra*).

66. As a result and by reason of the actions of Defendant, Plaintiffs have been harmed and damaged but have not been compensated by Defendant.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff incorporates by reference all of the preceding paragraphs 1 through 66 of this Complaint as if each and every one was individually set forth within this Count.

68. Under Pennsylvania law, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 991 (Pa. 1987).

69. Defendant has over a dozen employees involved in the removal of the two passive, compliant Plaintiffs from the aircraft.

70. Defendant's actions were done in an intentional public and outrageous manner.

71. Defendant's actions resulted in significant psychological trauma inflicted on Plaintiffs, one of who has required extensive psychotherapy due to the trauma.

72. Given the lack of any reasonable explanation for Defendant's outrageous and harmful conduct, racial animus remains a significant element in Defendant's actions.

73. As a result and by reason of the actions of Defendant, Plaintiffs have been harmed and damaged but have not been compensated by Defendant.


## COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74. Plaintiff incorporates by reference all of the preceding paragraphs 1 through 73 of this Complaint as if each and every one was individually set forth within this Count.

75. Pennsylvania establishes four general scenarios under which a claim for Negligent Infliction of Emotional Distress can be made: (1) Defendant had a contractual or fiduciary [relationship with Plaintiff]; (2) Plaintiff suffered physical impact; (3) Plaintiff

was in a "zone of danger" and at risk of physical injury; or (4) Plaintiff had a

contemporaneous perception of tortious injury to a close relative. *Toney v. Chester Cnty.*

*Hosp.*, 36 A.3d 83, 86 (Pa. 2011).

76. Notably, "physical injury" does not need to be true injury to the person. "[T]he physical

injury element... [is found] so long as the emotional distress caused physical symptoms."

*Id.* at 87.

77. Defendant was negligent in putting Plaintiffs into a situation that could easily have

resulted in serious bodily harm.

78. Defendant owed Plaintiffs a duty of care, which it breached directly resulting in

significant damage to Plaintiffs.

79. Defendant's negligent actions caused significant and ongoing physical symptoms in

Plaintiffs.

80. As a result and by reason of the actions of Defendant, Plaintiffs have been harmed and

damaged but have not been compensated by Defendant.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant and this Court award to the

Plaintiffs:

- An amount <u>in excess</u> of fifty thousand dollars ($50,000) per Plaintiff;

- Attorney's fees;

- All costs of the instant suit; and

- Such other relief as this Court may deem just and proper.


Respectfully submitted,


Dated: <u>May 16, 2023</u>

_____
BY: Aaron A. Mixon, Esquire
PA Bar No. 94238
Mixon Law Group LLC
100 South Broad Street, Suite 1518
Philadelphia, PA 19110-1006
Phone: (215) 972-1777
Facsimile: (215) 972-1755
Email: mcalawfirm@gmail.com
Attorney for Plaintiffs

## <u>VERIFICATION</u>

I, **<u>Amanda Brown</u>**, being duly sworn according to law, depose and say that I am a plaintiff in the within action, that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief, and that I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4909, relating to unsworn falsification to authorities.

Date: <u>May 16, 2023</u>           *Amanda Brown*
                                    Amanda Brown

## <u>VERIFICATION</u>

I, **<u>Tiffany Nixon</u>**, being duly sworn according to law, depose and say that I am a plaintiff in the within action, that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief, and that I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4909, relating to unsworn falsification to authorities.

Date: <u>May 16, 2023</u>           *Tiffany Nixon*
                                    Tiffany Nixon

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the within Complaint to the following individual representing the Defendant via electronic mail on this 16th day of May 2023.

**(Attorney for American Airlines Group, Inc. a/k/a American Airlines, Inc.)**
Nathan R. Bohlander, Esquire
Morgan & Akins, PLLC
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
Phone: (215) 543-3681
E-mail: nbohlander@morganakins.com

Dated: <u>May 16, 2023</u>

Aaron A. Mixon, Esquire
Attorney for Plaintiffs

EXHIBIT "D"

Delaware.gov                                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

<u>Allowable Characters</u>

| HOME | |
|---|---|
| | Entity Details |

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| <u>File Number:</u> | **332421** | <u>Incorporation Date /</u><br><u>Formation Date:</u> | **4/11/1934**<br>(mm/dd/yyyy) |
|---|---|---|---|
| <u>Entity Name:</u> | **AMERICAN AIRLINES, INC.** | | |
| <u>Entity Kind:</u> | **Corporation** | <u>Entity Type:</u> | **General** |
| <u>Residency:</u> | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| Name: | **CORPORATION SERVICE COMPANY** | | |
|---|---|---|---|
| Address: | **251 LITTLE FALLS DRIVE** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **302-636-5401** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or
more detailed information including current franchise tax assessment, current filing history
and more for a fee of $20.00.
Would you like ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]                          [ New Entity Search ]

---

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# TEXAS SECRETARY of STATE
## RUTH R. HUGHS

| BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY |
|---|

| | | | |
|---|---|---|---|
| **Filing Number:** | 816206 | **Entity Type:** | Foreign For-Profit Corporation |
| **Original Date of Filing:** | June 13, 1934 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 11315027984 | **FEIN:** | |

| | |
|---|---|
| **Name:** | AMERICAN AIRLINES, INC |
| **Address:** | PO BOX 619616 MD5656<br>Dfw Airport, TX 75261-9616 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | N/A |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| C T CORP SYSTEM | 1999 Bryan St., Ste. 900<br>Dallas, TX 75201-3136 USA | |

[Order]  [Return to Search]

Instructions:
🔴 To place an order for additional information about a filing press the 'Order' button.

EXHIBIT "E"

# Mixon Law Group LLC

**Land Title Building**
**100 South Broad Street, Suite 1518**
**Philadelphia, PA 19110-1006**

**Phone: (215) 972-1777**
**Facsimile: (215) 972-1755**
**Email: aaron@mixonlawgroup.com**

May 16, 2023

Nate Bohlander, Esquire
Morgan & Akins, PLLC
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102

**RE: Brown & Nixon v. American Airlines, Inc. (Case ID: 230303330)**

Dear Mr. Bohlander:

As you are aware, our office represents the plaintiffs, Amanda Brown and Tiffany Nixon, in the above-captioned matter. This case involves an incident that occurred on March 30 – 31, 2021, when both plaintiffs were boarded, seated, masked, and fully prepared to depart on an American Airlines flight leaving New Orleans, stopping in Charlotte, and ending in Philadelphia, Pennsylvania where both plaintiffs reside.

Due to reasons still not furnished by American Airlines, both plaintiffs were forced to leave the aircraft prior to the aircraft departing the gate. A dozen American Airlines employees were present during this incident, and the plaintiffs were escorted from the aircraft in a very public and excessive show of force. Reasons for refusing passage to the plaintiffs were not supplied by any airline employee that night.

The plaintiffs were rebooked on the next flight to Philadelphia, which did not depart until the following morning and from Dallas, TX. The plaintiffs were required to find their own place to spend the night with no assistance from American Airlines. Consequently, they were only able to spend the night in an unsafe, insanitary, and disagreeable motel.

The next morning, the plaintiffs were permitted to board the first flight to Philadelphia. However, this flight would be departing from Dallas, TX, forcing the plaintiffs to fly further west, from New Orleans, LA to Dallas, TX, before changing American Airlines airplanes for a flight from Dallas, TX to Philadelphia, PA.

The only reason ever given to the plaintiffs for the behavior of the American Airlines employees was a patently false statement that the plaintiffs had refused to wear

# Mixon Law Group LLC

| | |
|---|---|
| **Land Title Building** | **Phone: (215) 972-1777** |
| **100 South Broad Street, Suite 1518** | **Facsimile: (215) 972-1755** |
| **Philadelphia, PA 19110-1006** | **Email: aaron@mixonlawgroup.com** |

facemasks. Photographs and video taken just before and after the plaintiffs boarded the aircraft unquestionably refute this allegation.

Consequently, a more likely and hardly novel explanation lies in the race of the plaintiffs (African-American) and those of the Defendant's employees (Caucasian). Given the lengthy public history of racial animus and prejudice exhibited by American Airlines employees, it is quite difficult to give serious credence to any other explanation for the actions of the Defendant's employees. Other witnesses to the events that transpired have confirmed this.

As you know, we would prefer to settle this matter without going through litigation and the lengthy time and significant costs such litigation involves. I would appreciate it if you would carefully consider our attachments which include the filed complaint, exhibits demonstrating the falsity of the only explanation provided by American Airlines, and the seriousness and duration of the trauma that was inflicted.

Given the trauma endured by the plaintiffs, a payment of $150,000.00 (one hundred fifty thousand dollars) for each plaintiff would be required to satisfactorily compensate them for the serious, lasting, and completely unjustifiable damages inflicted by American Airlines.

Thank you for your courtesy and attention to this matter.


Yours truly,


Aaron A. Mixon, Esquire

Enc.