IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BROWN & TIFFANY NIXON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN AIRLINES, INC. | : | |
| | : | |
| | : | NO. 23-2001 |

**MEMORANDUM**

**Padova, J.**                                                                                                                   **January 23, 2024**

Plaintiffs Amanda Brown and Tiffany Nixon initiated this action in the Court of Common Pleas of Philadelphia County, asserting Pennsylvania common law contract and tort claims arising out of their removal from a flight operated by Defendant American Airlines, Inc. Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs now move to remand the case, pursuant to 28 U.S.C. § 1447(c), on the ground that this Court lacks subject matter jurisdiction because the amount in controversy requirement has not been met. For the reasons that follow, we deny the Motion to Remand.

**I.      BACKGROUND**

Plaintiffs initiated this action by filing a Writ of Summons on March 30, 2023, followed by a Complaint on May 16, 2023, both in the Court of Common Pleas of Philadelphia County. On May 25, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction. Defendant's Notice of Removal states that Plaintiffs are citizens of Pennsylvania, and that Defendant is a citizen of Delaware, where it is incorporated, as well as Texas, where its principal place of business is located. (Notice of Removal ¶¶ 12-13.) The Notice of Removal also states that the amount in controversy exceeds $75,000. (Id. ¶¶ 16-19.) On July 1, 2023, Plaintiffs filed

the instant Motion to Remand. Plaintiffs deny that the amount in controversy exceeds $75,000 and assert that this Court therefore lacks jurisdiction over this action.[1]

The Complaint alleges the following facts. On March 30, 2021, Plaintiffs boarded a flight from New Orleans to Philadelphia operated by Defendant. (Compl. ¶ 7.) As others were still boarding, a flight attendant told Plaintiff Brown that she needed to place her purse on the floor. (Id. ¶ 12.) Plaintiff Brown attempted to comply but was delayed by the strap of her purse becoming tangled with her seatbelt. (Id. ¶ 13.) The flight attendant, mistakenly believing that Plaintiff Nixon had said something, asked her to repeat what she had said. (Id. ¶ 14.) Plaintiff Nixon replied that she had not spoken, and the flight attendant left to speak with another flight attendant, who returned and told Plaintiff Nixon to "be nice." (Id. ¶¶ 15-16.)

Shortly thereafter, a large man approached Plaintiffs and insisted on escorting them from the plane. (Id. ¶ 17.) Plaintiffs, who had been cooperative, polite, and nondisruptive, were bewildered, but complied. (Id. ¶¶ 18, 21.) The entire incident was witnessed and video recorded by Plaintiffs' friend, seated elsewhere on the plane. (Id. ¶ 22.) A large group of Defendant's employees, including the two flight attendants and eight pilots, stood in the jetway and watched as Plaintiffs were removed from the plane. (Id. ¶ 23.) The crew then made several announcements to the remaining passengers stating that everything was fine and there had been no incident. (Id. ¶ 25.)

Upon disembarking, Plaintiffs repeatedly requested the names of the flight attendants and pilot, as well as an explanation for their removal from the flight, but received no answers. (Id.

---

[1] We note that, in addition to the memoranda filed in connection with this Motion, the parties also filed several letters. In these filings, the parties advance arguments about personal jurisdiction and alleged filing errors which are not pertinent to the Court's disposition here and are therefore not addressed. Plaintiffs also assert that there is no basis for federal question jurisdiction in the instant action, which Defendant does not contest.

¶¶ 19-20, 26-27.)  Plaintiffs were rebooked, but on a less direct flight leaving the following morning, and they received no assistance with securing overnight accommodations.  (Id. ¶¶ 28-29.)  As Plaintiffs had no transportation, they were forced to stay at a nearby motel which was distressingly filthy and dilapidated.  (Id. ¶¶ 30-32.)  Plaintiff Brown sought therapy due to symptoms of post-traumatic stress disorder following the hotel stay.  (Id. ¶ 33.)  To date, the only explanation for the incident provided by Defendant is that Plaintiffs refused to wear facemasks on the plane, which the video shows was not the case.  (Id. ¶¶ 34-35.)  Plaintiffs are African American and all employees they interacted with were Caucasian, suggesting racial animus as a motive for their otherwise unwarranted treatment.  (Id. ¶¶ 36, 72.)

The Complaint asserts seven claims under Pennsylvania common law: breach of contract, breach of the implied warranty of fitness for a particular purpose, false imprisonment, false light invasion of privacy, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Plaintiffs seek damages in excess of $50,000 each, as well as attorney's fees and costs.  Plaintiffs do not specifically demand punitive damages in the Complaint but have refused to stipulate that they would not seek such damages.  (See Pl. Mot. to Remand Ex. B.)

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction "over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different states.'" McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)).

"[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (citations omitted). While this calculation does not include "interest and costs," 28 U.S.C. § 1332(a), it includes compensatory damages sought by the plaintiff, as well as punitive damages and attorney's fees if available under the plaintiff's cause of action. See Frederico v. Home Depot, 507 F.3d 188, 198-99 (3d Cir. 2007). Generally, multiple plaintiffs cannot aggregate their separate claims to satisfy the amount in controversy requirement. Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008). However, so long as there is complete diversity and at least one plaintiff's claims exceed $75,000, the court may exercise supplemental jurisdiction over other plaintiffs whose claims arise out of the same case or controversy. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005).

When a case is removed on the basis of diversity jurisdiction, the amount in controversy is generally deemed to be "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). However, where state practice does not permit a demand for a specific sum, the notice of removal may assert the amount in controversy. Id. § 1446(c)(2)(A)(ii). Removal in such cases is proper if, based on evidence submitted by the parties, the court finds by the preponderance of the evidence that the amount in controversy exceeds $75,000. Id. § 1446(c)(2)(B); see also Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014) ("[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."). The case must be remanded back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Defendant first asserted that the amount in controversy exceeds $75,000 in the Notice of Removal. (See Notice of Removal ¶¶ 16-19.) This assertion was based on Plaintiffs' May 16, 2023 settlement demand letter, wherein they state that "[g]iven the trauma endured by the plaintiffs, a payment of $150,000.00 . . . for each plaintiff would be required to satisfactorily compensate them for the serious, lasting, and completely unjustifiable damages inflicted by American Airlines." (Notice of Removal Ex. E at 2.) Pennsylvania law does not permit demands for specific sums in cases involving unliquidated damages. See Pa. R. Civ. P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."). Thus, the Complaint merely demands unspecified damages in excess of $50,000 per Plaintiff. Plaintiffs, however, maintain that the amount in controversy does not exceed $75,000. They assert that their May 16, 2023 settlement demand was disingenuously prompted by Defendant, and point to Defendant's June 21, 2023 settlement offer of $2,500 per Plaintiff as well as their reduced July 1, 2023 settlement demand of $75,000 per Plaintiff in support of their contention that neither Plaintiff's claims exceed $75,000. (See Pl. Mem. at 7, Exs. A, B.)

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." Frederico, 507 F.3d at 197 (quoting Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004)). In the Complaint, Plaintiffs demand damages in excess of $50,000 each and allege "[s]ignificant monetary and emotional damages" including "significant psychological trauma" and "ongoing physical symptoms," which, for Plaintiff Brown, necessitated "extensive psychotherapy." (Compl. ¶¶ 33, 41, 71, 79.) Moreover, Plaintiffs allege that Defendant's employees were motivated by racial animus, which could support an award of

5

punitive damages under Pennsylvania law.² (See Compl. ¶¶ 36, 72); see also Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005) ("Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." (quotations and citations omitted)); Minissale v. State Farm Fire & Cas. Co., 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013) (noting that Pennsylvania law does not cap punitive damages). These allegations of serious injury, along with the availability of punitive damages, support a finding that the amount in controversy exceeds $75,000. See Kovalev v. Lab'y Corp. of Am. Holdings, Civ. A. No. 22-0552, 2022 WL 4586123, at *1, *3 (E.D. Pa. Sept. 29, 2022) (finding claims of assault and discrimination leading to "damages and injuries, pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish" and implicating punitive damages satisfied amount in controversy) (citing Karlowicz v. American States Ins. Co., Civ. A. No. 20-488, 2020 WL 6165303, at *8 (M.D. Pa. Sept. 18, 2020)).

We also consider the allegations in the Notice of Removal as to the amount in controversy. See Frederico, 507 F.3d at 197. As we mentioned above, the Notice of Removal alleges that the amount in controversy has been met based on Plaintiffs' May 16, 2023 settlement demand letter. (See Notice of Removal ¶¶ 16-19, Ex. E.) We are mindful of the limitations of settlement demands as a measure of the amount in controversy. See Evans v. Zhang, Civ. A. No. 17-3801, 2017 WL 4547912, at *3 (E.D. Pa. Oct. 12, 2017) ("Making a demand that is higher than the actual amount

---

² Plaintiffs also demand attorney's fees, but it is not clear that attorney's fees would be available under any of their causes of action. See Doctor's Choice Physical Med. & Rehab. Ctr., P.C. v. Travelers Pers. Ins. Co., 128 A.3d 1183, 1189 (Pa. 2015) ("Pennsylvania law embodies the American rule, per which there can be no recovery of attorneys' fees from an adverse party in litigation, absent express statutory authorization, clear agreement by the parties, or some other established exception." (citing Herd Chiropractic Clinic, P.C. v. State Farm Mut. Auto. Ins. Co., 64 A.3d 1058, 1066 (Pa. 2013))). Therefore, we do not consider such fees in evaluating the amount in controversy.

in controversy is a common negotiating tactic to instigate settlement talks."). Nonetheless, while not decisive, Plaintiffs' assertion that they would require $150,000.00 each for settlement is relevant evidence of their view of the value of the case prior to removal.[3] See Ciancaglione v. Sutherlin, Civ. A. No. 04-2249, 2004 WL 2040342, at *2 (E.D. Pa. Sept. 13, 2004) (noting that courts may properly consider settlement demands in assessing amount in controversy) (collecting cases); Stadulis v. JetBlue Airways Corp., Civ. A. No. 23-3695, 2023 WL 8437280, at *2 n.3 (D.N.J. Dec. 5, 2023) (same) (citations omitted).

In contrast, settlement offers and demands made after removal cannot alter the amount in controversy, nor do we see them as probative of the value of Plaintiffs' claims in this case. See Montilus v. Munoz, Civ. A. No. 09-4143, 2009 WL 3246609, at *3 (D.N.J. Oct. 6, 2009) ("Under the time-of-filing rule, 'federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed' and once vested, cannot be ousted by subsequent events. In this case, the Court looks to the circumstances as of the time the Notice of Removal was filed. . . ." (quoting Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009))); see also 14B Charles A. Wright et al., Federal Practice and Procedure § 3703 (5th ed.) ("[T]he determination of whether the amount [in controversy] requirement is satisfied is based as of the time the removal notice is filed in federal court."); cf. McCollum v. State Farm Ins. Co., 376 F. App'x 217, 220 (3d Cir. 2010) (concluding outside of the removal context that settlement offer made after complaint was filed had "no relevance to the amount in controversy at the time the complaint was filed").

---

[3] Plaintiffs proffer no evidence that their May 16, 2023 settlement demand was improperly induced, alleging only that Defendant expressed an expectation that the demand would be in the six figures. Defendant denies making any such a statement, and we presume in any case that the basis for Plaintiffs' demand is the explanation given in Plaintiffs' demand letter, rather than Defendant's expectations. (See Notice of Removal Ex. E.)

### III.     CONCLUSION

Based on the serious injuries alleged in the Complaint, the potential availability of punitive damages, and Plaintiffs' $150,000 demand prior to removal, we find that Defendant has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.  As the amount in controversy requirement has been met and there is complete diversity among the parties, we conclude that this Court has subject matter jurisdiction over this action.  Accordingly, we deny Plaintiffs' Motion to Remand.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.