IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BROWN & TIFFANY NIXON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN AIRLINES, INC. | : | NO. 23-2001 |

**MEMORANDUM**

**Padova, J.**                                                                                                **August 12, 2024**

On March 15, 2024, we granted Defendant's Motion to Dismiss the original complaint in this action in part, dismissed some of Plaintiffs' claims, and granted Plaintiffs leave to file an amended complaint with respect to certain claims. Plaintiffs subsequently filed an Amended Complaint asserting Pennsylvania common law contract and tort claims arising out of their removal from a flight operated by Defendant American Airlines, Inc. Defendant has moved to dismiss the Amended Complaint in part pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, we grant the Motion to Dismiss in part and deny it in part.

**I.      FACTUAL BACKGROUND**

The Amended Complaint alleges the following facts. On March 30, 2021, Plaintiffs boarded a flight from New Orleans to Philadelphia operated by Defendant. (Am. Compl. ¶ 7.) As others were still boarding, a flight attendant told Plaintiff Brown that she needed to place her purse on the floor. (Id. ¶ 12.) Plaintiff Brown attempted to comply immediately but was delayed by the strap of her purse becoming tangled with her seatbelt. (Id. ¶ 13.) The flight attendant, mistakenly believing that Plaintiff Nixon had said something, asked her to repeat what she had said. (Id. ¶ 14.) Plaintiff Nixon replied that she had not spoken, and the flight attendant left to speak with another flight attendant, who returned and told Plaintiff Nixon to "be nice." (Id. ¶¶ 15-16.)

Shortly thereafter, a large man approached Plaintiffs and insisted on escorting them from the plane. (Id. ¶ 17.) Plaintiffs, who had been cooperative, polite, and nondisruptive, were bewildered, but complied. (Id. ¶¶ 18, 21.) The entire incident was witnessed and video recorded by a friend of the Plaintiffs, who was seated elsewhere on the plane. (Id. ¶ 22.) By this time, the plane was fully boarded with every seat occupied and no other activities or announcements taking place. (Id. ¶¶ 24, 26.) Thus, all of the other passengers on the plane also witnessed Plaintiffs being removed against their will. (Id. ¶¶ 23-26.) As Plaintiffs were removed from the plane, a large group of Defendant's employees, including the two flight attendants and eight pilots, stood in the jetway and watched. (Id. ¶ 27.) The crew then made several announcements to the remaining passengers stating that everything was fine and there had been no incident. (Id. ¶ 29.)

After they returned to the terminal, Plaintiffs requested the names of the flight attendants and pilot, as well as an explanation for their removal from the flight, but received no answers. (Id. ¶¶ 19-20, 30-31.) Plaintiffs were rebooked onto the first flight to Philadelphia the next morning, but that flight was less direct, and they received no assistance with securing overnight accommodations. (Id. ¶¶ 32-33, 36.) Plaintiffs had no means of transportation and limited funds, and so were forced to stay at a nearby motel which was distressingly filthy, dilapidated, and unsafe, leaving then distressed and traumatized. (Id. ¶¶ 34-35, 40.) Following this incident, Plaintiff Brown was diagnosed with Post-Traumatic Stress Disorder and has required regular psychotherapy. (Id. ¶¶ 41-42.) Both Plaintiffs remain fearful and have suffered from poor sleep, nightmares, and other symptoms of trauma ever since. (Id. ¶¶ 43, 78.) To date, the only explanation Defendant has offered Plaintiffs for this incident is that Plaintiffs refused to wear facemasks on the plane, which the video shows was not the case. (Id. ¶¶ 44-45.) Plaintiffs are

2

African American and all of Defendant's employees with whom they interacted are Caucasian, suggesting racial animus was the motive for Defendant's unwarranted actions. (Id. ¶¶ 46, 79.)

The Amended Complaint asserts seven claims for relief under Pennsylvania law. Count I is a breach of contract claim. Count II is a claim for false imprisonment. Count III is a claim for false light invasion of privacy. Count IV is a claim for assault. Count V is a claim for intentional infliction of emotional distress. Count VI is a claim for negligent infliction of emotional distress. Count VII is a claim for breach of implied-in-fact contract. Defendant has moved to dismiss Counts I, II, III, V, and VII of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs oppose the Motion. We held oral argument on the Motion on June 13, 2024.

## II.     LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). However, we "need not 'accept as true a legal conclusion couched as a factual allegation.'" Host Int'l, Inc. v. Marketplace PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

#### A. Breach of Contract (Count I)

To state a claim for breach of contract under Pennsylvania law, a complaint must plausibly allege: "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016) (citing J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002); see also Philidor RX Servs. LLC v. Polsinelli PC, No. 22-2836, 2023 WL 6290746, at *4 (3d Cir. Sep. 27, 2023) (same) (quoting Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005)).

The Amended Complaint alleges that the contract between Plaintiffs and Defendant consists of the "convoluted set of links" on Defendant's website which comprise the Contract of Carriage. (Am. Compl. ¶ 49.)  It further alleges that multiple attempts to otherwise obtain the full

Contract of Carriage from Defendant were unsuccessful. (Id. ¶ 50.) Plaintiffs have attached to the Amended Complaint a version of the Contract of Carriage that they downloaded from Defendant's website on April 15, 2024, which indicates that it was last updated April 12, 2024. (Id. Ex. B.) They have also attached the allegedly breached section of the Contract of Carriage in effect at the time of their flight. (Id. Ex. A.) This section provides that "where a[n] [overnight] delay . . . is caused by us, upon request we'll give you: a voucher for an approved hotel." (See id. ¶¶ 38, 51, Ex. A.) The April 2024 version of the Contract of Carriage contains a similar but differently worded provision regarding delays and cancellations. (See id. Ex. B at 12 of 19.)

Defendant argues that dismissal of Plaintiffs' breach of contract claim is warranted because Plaintiffs failed to attach the relevant contract as required by Pennsylvania Rule of Civil Procedure 1019(i), which governs the contents of pleadings. See Pa. R. Civ. P. § 1019. But in assessing the sufficiency of a complaint, federal courts apply the Federal Rules of Civil Procedure, not state procedural rules. See Sipp-Lipscomb v. Einstein Physicians Pennypack Pediatrics, Civ. A. No. 20-01926, 2020 WL 4334905, at *8 (E.D. Pa. July 28, 2020) ("The Third Circuit has already made clear that state rules that purport to govern 'what is included in the pleadings of a case or the degree of specificity thereof' conflict with [Federal Rules of Civil Procedure] 8 and 9" and "[g]iven that conflict, this Court must apply the Federal Rules 'to the exclusion of' the state rules." (quoting Chamberlain v. Giampapa, 210 F.3d 154, 159 (3d Cir. 2000)) (citation omitted)); see also Transp. Int'l Pool, Inc. v. Ross Stores, Inc., Civ. A. No. 06-1812, 2009 WL 1033601, at *3 & n.1 (E.D. Pa. Apr. 15, 2009) (explaining that a plaintiff pleading breach of contract in federal court need not attach the contract to the complaint and that "Defendant overlooks the fact that it deprived itself of the protections afforded by Pennsylvania Rule 1019(i) by removing this action to federal

5

court"). Accordingly, we conclude that Pennsylvania Rule 1019(i) does not provide a basis for dismissal of Count I.[1]

Defendant also argues that we should dismiss Count I because the Amended Complaint fails to plausibly allege a breach of the purported contract. Defendant maintains that, under the alleged contract provision, it is only obliged to provide accommodations where a delay is "caused by [Defendant]," (Am. Compl. Ex. A), and that Plaintiffs' delay was caused by their own noncompliance with luggage and facemask directives. However, the Amended Complaint alleges that Plaintiffs "followed all flight crew directives, remained quiet and respectful, wore double facial masks throughout their brief time on the aircraft, and were never disruptive or loud." (Id. ¶ 21.) At this stage of the proceedings, we accept these allegations as true and deny the Motion with respect to Defendant's argument, which is based on factual assertions that are contrary to the allegations of the Amended Complaint.

Finally, Defendant argues that other provisions of the Contract of Carriage excused its failure to provide accommodations. It states that under the Contract of Carriage, it was not required to provide accommodations for any delay "beyond [Defendant's] control (like weather)," and that it reserved the right to remove passengers for "[v]iolent or inappropriate actions" and to "not let [passengers] fly for any reason." (Def. Br. at 14-15.) All of these provisions come from the April 2024 version of the Contract of Carriage, which appears to differ from the version of the Contract of Carriage in effect at the time of Plaintiffs' flight in March 2021. (Compare Am. Compl. Ex. A with Am. Compl. Ex. B.) Without the full, operative contract before us, it would be premature to determine the meaning and interaction of the provisions at issue. See New Life Homecare, Inc. v.

---

[1] Notably, Defendant does not deny that the alleged contract exists, and indeed admits that it was "specifically provided . . . to Plaintiffs at the time of their flight." (Def. Br. at 13.)

6

Blue Cross of Ne. Pennsylvania, Civ. A. No. 06-2485, 2008 WL 423837, at *8 (M.D. Pa. Feb. 14, 2008) (denying motion to dismiss because "[t]he entirety of the [contract] is not before the Court, and the excerpts that are in the record do not clarify the questions relevant to Defendants' argument"). We therefore deny the Motion to dismiss Count I with respect to this argument.

The Amended Complaint alleges that under the Contract of Carriage in effect at the time of Plaintiffs' flight, Defendant was obligated to provide accommodations after causing a delay. (See Am. Compl. ¶ 51, Ex. A.) It further alleges that Defendant removed Plaintiffs without cause, yet failed to provide accommodations, forcing them to secure their own. (See id. ¶¶ 17, 21, 33.) These allegations are sufficient to "create a reasonable inference that the defendant is liable" for breach of contract. Iqbal, 556 U.S. at 663 (citing Twombly, 550 U.S. at 556); see also Clapps v. State Farm Ins. Cos., 447 F. Supp. 3d 293, 297-98 (E.D. Pa. 2020) ("Although the Complaint may not recite each of the essential terms of the parties' contract, it sufficiently places Defendant on notice of the claim such that it can reasonably respond. Plaintiff has alleged the same level of detail that courts in this district have repeatedly found sufficient to state a breach of contract claim[.]" (citations omitted)); AM Logistics Inc. v. Sorbee Int'l, LLC, Civ. A. No. 13-2876, 2014 WL 99451, at *3 (E.D. Pa. Jan. 9, 2014) (declining to dismiss breach of contract claim despite failure to attach relevant documentation to the complaint because it "contain[ed] facts sufficient to support a conclusion that an agreement existed, and that Defendant breached that agreement" (citation omitted)). Accordingly, we deny the Motion to Dismiss with respect to Count I.

B. False Imprisonment (Count II)

To state a claim for false imprisonment under Pennsylvania law, the Complaint must allege facts that would establish that Plaintiffs: (1) were detained; and (2) the detention was unlawful. See Gwynn v. City of Philadelphia, 719 F.3d 295, 304 n.4 (3d Cir. 2013) (citing Renk v. City of

7

Pittsburgh, 641 A.2d 289, 293 (Pa. 1994)). "In addition to unlawful activity, Pennsylvania law requires (1) acts intending to confine another within boundaries fixed by another which (2) directly or indirectly result in such confinement (3) of which the plaintiff is conscious or by which the plaintiff is harmed." Regan v. Upper Darby Twp., 363 F. App'x 917, 922 (3d Cir. 2010) (quoting Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 540-41 (E.D. Pa. 1982)). "A plaintiff cannot establish a claim for false imprisonment if there is a known means of escape involving nothing more than slight inconvenience," rather, "the confinement must be complete." Pope v. Rostraver Shop 'N Save, 389 F. App'x 151, 153 (3d Cir. 2010) (citing Caswell v. BJ's Wholesale Co., 5 F. Supp. 2d 312, 319 (E.D. Pa. 1998)). Where confinement is not accomplished by physical force or barriers, the "mere belief that one is confined" is not enough, and "plaintiff must make some attempt to determine whether s/he is actually confined." Id. (citing Chicarelli, 551 F. Supp. at 541; Caswell, 5 F. Supp. 2d at 319).

We granted Defendant's Motion to Dismiss the false imprisonment claim in the original complaint because it failed to allege that Defendant took any action to confine Plaintiffs, and likewise did not allege that Plaintiffs asked to leave or even that they believed they could not leave. See Brown v. Am. Airlines, Inc., Civ. A. No. 23-2001, 2024 WL 1143478, at *5 (E.D. Pa. Mar. 15, 2024). Defendant argues that the Amended Complaint suffers from the same deficiencies. Indeed, the Amended Complaint contains no new factual allegations pertinent to Plaintiffs' false imprisonment claim. This alone is a basis for dismissal. See Newsome v. City of Philadelphia, Civ. A. No. 19-5590, 2021 WL 2810289, at *5 (E.D. Pa. July 6, 2021) (dismissing claim that was previously dismissed with leave to amend because the amended complaint added no new factual allegations related to that claim).

Nonetheless, we will address the contention raised by Plaintiffs at oral argument that Defendant falsely imprisoned them when a "large, Caucasian male," presumably Defendant's employee, approached them and demanded they follow him off the plane. (Am. Compl. ¶ 17.) Plaintiffs, who "immediately complied," (id. ¶ 18), argue that the Amended Complaint sufficiently alleges that they were falsely imprisoned during the time they were following Defendant's employee off of the plane. We disagree. In Pope, the Third Circuit explained that false imprisonment requires complete confinement. See 389 F. App'x at 153 (citing Caswell, 5 F. Supp. 2d at 319). Voluntary compliance, without asking or attempting to leave, "negates [the plaintiff's] ability to establish the total confinement that is required for a claim of false imprisonment." Id. Moreover, the Amended Complaint alleges that Plaintiffs had "a known means of escape involving nothing more than slight inconvenience." Id. They could, and did, follow Defendant's employee off of the plane, (Am. Compl. ¶¶ 17-18), after which time there is no allegation that they were confined in any way. Cf. Pope, 389 F. App'x at 152-153 (stating that customer "briefly detained" by store employees had "a safe means of escape, the front entrance of the store"); Benjamin v. Cargill Meat Sols., Civ. A. No. 20-1824, 2021 WL 11108679, at *4 (M.D. Pa. June 28, 2021), report and recommendation adopted, 2021 WL 11108680 (M.D. Pa. July 20, 2021) (determining that employee who waited for 90 minutes after he was told he could not leave before police arrived, but was subsequently escorted by another employee to an outside door and told he was free to go, failed to state a claim for false imprisonment because he failed to "specify how he was held, where he was held, or if he was able to leave"); Krochalis v. Ins. Co. of N. Am., 629 F. Supp. 1360, 1370 (E.D. Pa. 1985) (granting summary judgment as to plaintiff's false imprisonment claim where plaintiff, who was instructed to go to the defendant's personnel office or be escorted from the premises, had not shown that he was confined because he had a safe means of escape—voluntarily

leaving). The Amended Complaint does not allege that Plaintiffs had reason to believe they would be detained upon disembarking or that they made any request or attempt to leave which was rebuffed. We therefore conclude that the Amended Complaint fails to state a claim for false imprisonment, and we grant the Motion to Dismiss with respect to Count II.

Plaintiffs ask for leave to amend any claims we dismiss. Leave to amend should be freely given "when justice so requires," but may be denied on the basis of "undue delay, bad faith, dilatory motive, prejudice, and futility." Talley v. Wetzel, 15 F.4th 275, 286 n.6 (3d Cir. 2021) (quotations omitted). Because Plaintiffs allege no new facts in support of their false imprisonment claim following our prior dismissal of this claim, and because they propose no further amendments, we conclude that amendment would be futile and dismiss this claim with prejudice. See id. (explaining that amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted" (quotation omitted)); Walker v. Wetzel, Civ. A. No. 22-1357, 2022 WL 4103632, at *3 (3d Cir. Sept. 8, 2022) ("[B]ecause the District Court already granted Walker leave to amend once and further amendment would be futile, declining to grant further leave to amend was proper." (citation omitted)).

C. False Light Invasion of Privacy (Count III)

To state a claim for false light invasion of privacy ("false light") under Pennsylvania law, a complaint must plausibly allege that the defendant publicized information concerning the plaintiff which "is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." Graboff v. Colleran Firm, 744 F.3d 128, 136 (3d Cir. 2014) (quoting Larsen v. Phila. Newspapers, Inc., 543 A.2d 1181, 1188 (Pa. Super. Ct. 1988)) (citation omitted). To be "publicized," the information must be communicated "to the public at large, or to so many persons that the matter must be regarded as substantially certain to

become one of public knowledge." Doe v. Hosp. of Univ. of Pennsylvania, 546 F. Supp. 3d 336, 353 (E.D. Pa. 2021) (quoting Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984)). Moreover, the communication must involve "a major misrepresentation of [the plaintiff's] character, history, activities, or beliefs" which would cause a reasonable person to take "serious offense." Krajewski v. Gusoff, 53 A.3d 793, 807 (Pa. Super. Ct. 2012) (quoting Restatement (Second) of Torts § 652E cmt. c).

Defendant argues that we should dismiss Plaintiffs' false light claim because the Amended Complaint does not allege that Defendant's employees publicized any disparaging statement about Plaintiffs. Indeed, we granted Defendant's Motion to Dismiss this claim in the original complaint because it did not allege any such publication. The Amended Complaint repeats the allegations from the original complaint that, following a terse exchange with flight attendants, Plaintiffs were removed from their flight despite having done nothing wrong. (Am. Compl. ¶¶ 12-18, 21.) But it also contains new allegations about the circumstances of Plaintiffs' removal, namely that it occurred "*after* the plane was fully boarded and every seat was occupied," at a time when "[n]o other activity or announcements were occurring," and "in front of hundreds of seated, now quietly listening and observing passengers." (Id. ¶¶ 23, 24, 26.)

Pennsylvania courts have recognized that tortious misrepresentations may be conveyed by conduct alone. See Bennett v. Norban, 151 A.2d 476, 478 (Pa. 1959) (reversing dismissal of invasion of privacy and slander claims based on allegations that a shopkeeper stormed after a departing customer and stopped her to search her bag and pockets because "these events formed a dramatic pantomime suggesting to the assembled crowd that appellant was a thief"); Berg v. Consol. Freightways, Inc., 421 A.2d 831, 834 n.1 (Pa. Super. Ct. 1980) ("Whether mere conduct alone, in absence of any verbal communication, would support a suit in slander is a question better

left to a case involving precisely those facts. Suffice to say that in view of our holding, it would be difficult to argue against it."); see also Krochalis, 629 F. Supp. at 1370-72 (denying summary judgement on false light claim based on "acts and conduct" of supervisor calling employee into his office to terminate him during investigation into workplace misconduct).

Viewed in the light most favorable to Plaintiffs, we conclude that the Amended Complaint plausibly alleges that by escorting Plaintiffs from the plane "against their will," (Am. Compl. ¶ 24), Defendant communicated a misrepresentation sufficient for false light purposes: that Plaintiffs had done something wrong, something serious enough to warrant removal from the fully boarded flight.[2] It also plausibly alleges that, as Plaintiffs had in fact "done absolutely nothing wrong," (Id. ¶ 21), this communication constituted a "major misrepresentation" about their character and activities which could cause a reasonable person could take "serious offense." Krajewski, 53 A.3d at 807 (quotation omitted). Finally, it plausibly alleges that this misrepresentation was communicated with "actual malice," i.e. "with knowledge or reckless disregard of its falsity," because Defendant's employees were on the scene, (Am. Compl. ¶¶ 12-17), and therefore acted with firsthand knowledge of Plaintiffs' conduct. See Mallory v. S & S Publishers, 260 F. Supp. 3d 453, 466 (E.D. Pa. 2017), aff'd sub nom. Mallory v. Simon & Schuster, Inc., 728 F. App'x 132 (3d Cir. 2018) (explaining that the definition of false light in the Second Restatement of Torts,

---

[2] While neither party cites it, we acknowledge that in Woodward v. ViroPharma Inc., No. 3222 EDA 2011, 2013 WL 1485110 (Pa. Super. Ct. Apr. 3, 2013), the Pennsylvania Superior Court affirmed dismissal of a false light claim, stating that "[t]he fact that appellants were escorted from an employer's premises in the presence of unnamed employees is not sufficient. False conclusions about what observers might think or assume about the circumstances of appellants' removal from ViroPharma's facility are not equivalent to false light claims." Id. at *6. The Woodward court contrasted the circumstances in that case, where an employee merely "walked out of the building with [another] employee," with the circumstances in Bennet, where the incensed shopkeeper's conduct more strongly suggested wrongdoing. Id. We think the allegations in this case, construed in the light most favorable to Plaintiff, are more similar to Bennet than to Woodward.

12

which has been adopted in Pennsylvania, mirrors the "actual malice" standard from New York Times v. Sullivan, 376 U.S. 254 (1964), and requires knowledge or reckless disregard of falsity); see also Restatement (Second) of Torts § 652E(b).

Defendant argues that, even if its employees communicated a misrepresentation about Plaintiffs, there was no publicity because the number of passengers on the plane was insufficient to constitute "the public at large" or "so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Doe, 546 F. Supp. 3d at 353 (quotation omitted). But the Pennsylvania Superior Court has held that "publication to as few as seventeen people . . . constitute[s] publicity as a matter of law." Schatzberg v. State Farm Mut. Auto. Ins. Co., 877 F. Supp. 2d 232, 245 (E.D. Pa. 2012) (citing Harris, 483 A.2d at 1385-86) (add'l citation omitted). Thus, the allegedly "hundreds" of passengers on a commercial flight where "every seat was occupied" easily suffices. (Am. Compl. ¶¶ 23-24.)

We conclude that the Amended Complaint plausibly alleges that, by removing Plaintiffs from the plane without justification, Defendant knowingly communicated a major misrepresentation about them to the other passengers on the plane. Accordingly, we deny the Motion to Dismiss with respect to Count III.

D.  Intentional Infliction of Emotional Distress (Count V)

To state a claim for intentional infliction of emotional distress ("IIED") under Pennsylvania law, a complaint must plausibly allege that: (1) Defendant engaged in "extreme and outrageous" conduct, (2) the conduct was "intentional or reckless," (3) the conduct caused emotional distress, and (4) the distress was "severe." Jordan v. Pennsylvania State Univ., 276 A.3d 751, 775 (Pa. Super. Ct. 2022) (citing Madreperla v. Williard Co., 606 F. Supp. 874, 879-80 (E.D. Pa. 1985)). "The conduct must be 'so outrageous in character and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. (quoting Rinehimer v. Luzerne Cty. Cmty. Coll., 539 A.2d 1298, 1305 (Pa. Super. Ct. 1988); Restatement (Second) of Torts § 46 cmt. d).

Defendant contends that the allegations in the Amended Complaint are insufficiently outrageous to state a claim for IIED. In our Memorandum granting Defendant's previous Motion to Dismiss, we concluded that the allegations in the original complaint fell short of the outrageousness required to state a claim for IIED, which in Pennsylvania has been "reserved by the courts for only the most clearly desperate and ultra extreme conduct." Brown, 2024 WL 1143478, at * 7 (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)). We specifically explained that "[c]ourts in this District have repeatedly found that racial discrimination alone does not meet the extreme and outrageous conduct standard necessary to state a claim for intentional infliction of emotional distress." Id. (alteration in original) (quotation and citations omitted). Without addressing this authority or citing any case to the contrary, Plaintiffs continue to argue that their allegations of racial discrimination suffice to state a claim for IIED. Moreover, the Amended Complaint alleges no new facts which would establish that Defendant's conduct in removing Plaintiffs was sufficiently "extreme and outrageous" under Pennsylvania law. See Cheney v. Daily News L.P., 654 F. App'x 578, 583-84 (3d Cir. 2016) ("Pennsylvania courts have found extreme and outrageous conduct only in the most egregious of situations, such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children." (citing Salerno v. Phila. Newspapers, Inc., 546 A.2d 1168, 1172 (Pa. Super. Ct. 1988))). Accordingly, we grant the Motion to Dismiss with respect to Count V. As the Amended Complaint contains no new allegations in support of this claim, and as Plaintiffs propose no additional

amendments, we conclude that further amendment would be futile and dismiss this claim with prejudice. See Talley, 15 F.4th at 286 n.6.

       E.  Breach of Implied-in-Fact Contract (Count VII)

The Amended Complaint also asserts a new claim for breach of implied-in-fact contract. Following the first Motion to Dismiss, Plaintiffs sought leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). They made no mention of adding additional claims. Thus, they were only granted leave "to file an amended complaint that corrects the deficiencies noted [in our Memorandum] with respect to [the Counts we dismissed without prejudice]." Brown, 2024 WL 1143478, at *11. As Plaintiffs neither sought nor received the Court's leave to add an additional claim, and as there is no indication that Defendant has consented to such an amendment, we grant the Motion to Dismiss with respect to Count VII without prejudice.

**IV.   CONCLUSION**

For the foregoing reasons, we grant Defendant's Motion to Dismiss in part and deny it in part. We grant the Motion with respect to Plaintiffs' claims for false imprisonment (Count II) and intentional infliction of emotional distress (Count V) and we dismiss those claims with prejudice. We also grant the Motion without prejudice with respect to Plaintiffs' claim for breach of implied-in-fact contract (Count VII). We deny the Motion with respect to Plaintiffs' claims for breach of contract (Count I) and false light invasion of privacy (Count III). An appropriate Order follows.

                        BY THE COURT:

                        /s/ John R. Padova, J.
                        _____
                        John R. Padova, J.